UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| KIEL JAMES PATRICK, LLC<br>*Plaintiff*,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:24-cv-00435-WES-LDA |

## PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

The Plaintiff, Kiel James Patrick, LLC ("**KJP**" or "**Plaintiff**"), by and through undersigned counsel, hereby moves for alternative service pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure. For the reasons set forth below, KJP requests authorization to serve the Defendants, the Partnerships and Unincorporated Associations Identified on ***Schedule A*** to the Complaint (individually and collectively, the "**Defendants**"), via email.[1]

Specifically, as described below, service of the Complaint and Summons is not prohibited by international agreement, and it is reasonably calculated to provide Defendants with actual notice. Accordingly, KJP respectfully requests that the Court GRANT its Motion for Alternative Service.

**I.   INRODUCTION**

On October 21, 2024, KJP initiated this action, filing a Complaint and an *Ex Parte* Motion for Temporary Restraining Order. *See Dkt. No. 1*, *Dkt. No. 2*. Based on the evidence provided in KJP's Complaint, the success of KJP's claims against Defendant are strong. However, as discussed further below, the Defendants are, upon information and belief, residents of the People's Republic of China,[2]

---

[1] KJP is contemporaneously filing a miscellaneous petition for early discovery so that it may, as necessary, conduct discovery and investigation into the identities of the Defendants.

[2] For example, the "store information" for each of the Defendants indicates that the each is located in the People's Republic of China.

and service through Article 5 of the Hague Convention will take far too long to accommodate this case—especially considering the rather flagrant nature of Defendants' internet stores operating under the Online Marketplace Accounts identified in **_Schedule A_** to the Complaint ("**Defendant Internet Stores**"). Because service via email is not prohibited by international agreement, KJP respectfully requests that this Court permit such service under Rule 4(f)(3) of the Federal Rules of Civil Procedure including to the email addresses of the Defendants.

## II.  LEGAL STANDARD

Rule 4(f) of the Federal Rule of Civil Procedure governs the service of individuals abroad. It permits service on "an individual . . . not within any judicial district of the United States:

> "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> "(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> "(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> "(B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> "(C) unless prohibited by the foreign country's law, by:
>>
>>> "(i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> "(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> *"(3) by other means not prohibited by international agreement, as the court orders.*"

Fed. R. Civ. P. 4(f) (emphasis added). "Based upon the plain language of Rule 4(f)(3), the only two requirements for service under that Rule are that it must be (1) directed by the court, and (2) not

2

prohibited by international agreement." *Angiodynamics, Inc. v. Neuberger*, 2018 U.S. Dist. LEXIS 188584, *2 (D. Mass. Nov. 5, 2018) (quoting *Ahkeo Labs LLC v. Plurimi Inv. Managers LLP*, 2017 U.S. Dist. LEXIS 98374, *2 (N.D. Ohio June 26, 2017)).

As the First Circuit Court of Appeals has observed, "Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means[.]'" *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015); *see also Beijing QIYI Century Sci. & Tech. Co. v. Shenzhen QIYI Innovations Tech. Co.*, 2018 U.S. Dist. LEXIS 211091, *7 (D. Col. Dec. 13, 2018) ("Courts have held that Rule 4(f) does not create a hierarchy among its subsections dictating that one form of service is favored over another") (quoting *Garb Oil & Power Corp. v. Titan Int'l Sec., Inc.*, 2018 U.S. Dist. LEXIS 157471, *1 (D. Utah Sept. 14, 2018) (collecting cases)). Therefore, "service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief." *Id.* (quoting *Garb Oil & Power Corp.*, 2018 U.S. Dist. LEXIS 157471, at *1).

### III.   ARGUMENT

Alternative service is necessary in this matter because of the egregiousness of Defendants' conduct and unfair competition and the corresponding urgency of preventing any further irreparable harm to KJP's goodwill and reputation. Under Rule 4(f)(3), the Court is empowered to permit KJP to serve the Defendants via email, including via the email addresses associated with or in connection with their Defendant Internet Stores, because it is not prohibited by international agreement and reasonably calculated to provide Defendants with actual notice.

Here, the Defendants use PayPal account(s) to take payment for unauthorized imitation products and/or goods using the KJP Marks and/or KJP Advertising Materials (each as defined in the Complaint) sold and offered for sale at the Defendant Internet Stores on Temu. Defendants hold themselves out as residents of China, subjecting them to service under Rule 4(f), and, more particularly, Rule 4(f)(3). *See supra Fn 1*. Upon information and belief, as is a common tactic for

3

similar violators, the Defendants move such ill-gotten funds from their PayPal account(s) to offshore accounts. Currently, the Defendants appear, upon information and belief, to be operating out of the People's Republic of China and using PayPal's platform and/or Temu's platform in the United States, including in Rhode Island to sell, offer for sale, advertise, and take payment for imitation KJP goods and products. As a result, the Defendants are subject to service under Rule 4(f), and, more particularly, Rule 4(f)(3).

Although China has objected to certain articles of the Hague Convention—including Article 10—courts have held that serving Chinese residents by email is *not* prohibited by international agreement. *WeWork Cos. v. WePlus (Shanghai) Tech. Co.*, 2019 U.S. Dist. LEXIS 5047, *8 (N.D. Cal. Jan. 10, 2019) (distinguishing between service by email, which is not prohibited by China's objection to Article 10 of the Hague Convention, and service by "postal channels[,]" which is prohibited); *see also id.* at *7 (collecting cases standing for the same proposition).

It is well-understood that the Convention, "neither authorizes nor prohibits service by email— it is entirely silent on the issue." *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021), aff'd on other grounds sub nom. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022); *see also Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 347 F.R.D. 316, 329 (N.D. Ill. 2024) ("it is not at all obvious that the term 'postal channels' in Article 10(a) should be read to include email—or that the rationales underlying a country's objection to service by post would necessarily extend to service by email. Notably, email does not require physical intrusion on Chinese territory, which is China's express objection to the availability of postal service under the Hague Convention."); *see also Hangzhou Chic Intelligent Tech. Co. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 20 C 4806, 2021 WL 1222783, at *3 (N.D. Ill. Apr. 1, 2021) (collecting cases that "reject[ ] the analogy of postal service to email service"); *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No.

4

23-CV-393-JPS-JPS, 2023 WL 8784668, at *3 (E.D. Wis. Dec. 19, 2023).

Furthermore, even when a defendant has a "known physical address," service by email is appropriate. As the Ninth Circuit Court of Appeals has "instructed, '[a]s obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.'" *Id.* at *9 (quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). "There is thus no requirement that [the P]laintiff attempt service of [the D]efendant at its physical address as a precondition to the court authorizing alternative service pursuant to Rule 4(f)(3)." *Id.* (citing *Rio Properties, Inc.*, 284 F.3d at 1016).

The circumstances of this case fall squarely under Rule 4(f)(3). In *WeWork Cos.*, a trademark infringement case, the Court held that service via email was necessary in light of the immediate and irreparable harm to the plaintiff's goodwill and business reputation. *Id.* at *12. There, the plaintiff successfully argued that serving the defendant "through China's central authority[,]" which "would take several months[,]" was impractical given the "immediate irreparable harm" that the plaintiff faced "to its reputation and goodwill because of [the d]efendant's allegedly ongoing infringing use of KJP's trademarks." *Id.* at *11. Thus, as the Court concluded, the plaintiff had demonstrated that the facts and circumstances of the case required court intervention to permit alternative service via email. *Id.* at *10, 11-12.

The same is true here. The immediate, irreparable harm to KJP and its goodwill and reputation is plain from the egregious nature of Defendants' infringing conduct, as detailed in the Complaint and the exhibits attached thereto. As made clear in KJP's Motion for Temporary Restraining Order, at this juncture, KJP has demonstrated a likelihood of success on the merits of its claims and, absent injunctive relief, that it will suffer irreparable harm. Now, to press forward on its claims against Defendants, and to enforce any and all injunctive relief, KJP requires court intervention to permit

service via email under Rule 4(f)(3). Absent such intervention, KJP faces additional time and expense to serve Defendants through the China central authority.

Indeed, service by means other than email is untenable. If KJP was required to wait upwards of multiple months to serve Defendants through China's central authority, then, like the plaintiff in *WeWork Cos.*, KJP would be put in the unsustainable position of sacrificing the urgent resolution of its claims while Defendants' conduct is permitted merely because it sits behind a keyboard thousands of miles away. *See WeWork Cos.*, 2019 U.S. Dist. LEXIS 5047, at *11-12; *see also Russell Brands, LLC v. GVD Int'l Trading, SA*, 282 F.R.D. 21, 25, 2012 (D. Mass. 2012) (explaining that another court had granted a plaintiff's motion for alternative service under Rule 4(f)(3) because that court found "not only that the [Hague] Convention did not prohibit such alternative service but, as well, that 'any attempt at formal service through the Brazilian judicial system will be, if not fruitless, prolonged for such an extensive period of time that evidence and testimony may well be affected'") (quoting *Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 U.S. Dist. LEXIS 1853, *3 (D. Me. Jan. 6, 2011)); *see Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 347 F.R.D. 316, 330 (N.D. Ill. 2024); see *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("Indeed, when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, email may be the only means of effecting service of process.").

But Rule 4(f)(3) solves this problem. Just as the Court held in *WeWork Cos.*, *WeWork Cos.*, 2019 U.S. Dist. LEXIS 5047, at *8, 11-12, this Court should hold, here, that Defendants may be served via email. It is not prohibited by international agreement, *Angiodynamics, Inc.*, 2018 U.S. Dist. LEXIS 188584, at *2, and it is justified by the immediacy of the harm to KJP at the hands of Defendants' conduct.[3]

---

[3] As set forth on the Frequently Asked Questions page linked on website for the Hague Conference on Private International Law, the Chinese Ministry of Justice estimates that service takes up to "4 to

6

Additionally, service by email is practical. Email is instantaneous, does not require physical intrusion into the receiving country's territory, and is often a more reliable way of reaching oversees e-commerce vendors who must maintain a verified email address in connection with their websites and online accounts. *See Peanuts Worldwide LLC v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, 347 F.R.D. 316, 330 (N.D. Ill. 2024); *Hangzhou*, 2021 WL 1222783, *at *3; NBA Props.*, 549 F. Supp. 3d at 797*; Ouyeinc Ltd. v. Alucy, No. 20 C 3490*, 2021 WL 2633317, at *3 (N.D. Ill. June 25, 2021).

Lastly, without alternative service via email, as permitted under Rule 4(f)(3)—, injunctive and other relief would be rendered toothless. For example, Defendants would not be served with notice of this Court's Temporary Restraining Order, should it be granted, for months, not days. Allowing KJP to serve Defendants via email, on the other hand, provides Defendants with immediate notice. This not only comports with due process and Rule 4(f)(3), but also fairly balances the equities, preventing any further irreparable harm to KJP's goodwill and reputation.

IV.   **CONCLUSION**

Accordingly, pursuant to Rule 4(f)(3), KJP requests permission to serve Defendants via their emails, including those associated and/or utilized in connection with their Internet Stores. Service via the email addresses that Defendants use is reasonably calculated to provide it with notice of KJP's claims and court pleadings. It also provides the only immediate enforcement mechanism to protect KJP from Defendants' reach and allows this case to proceed without undue delay. Therefore, KJP respectfully requests that this Court GRANT its Motion for Alternative Service.

---

6 months." *See* The Most Frequently Asked Questions and Answers, available at https://assets.hcch.net/docs/5bbc302d-532b-40b1-9379-a2ccbd7479d6.pdf last visited on August 20, 2024; *see also* China – Central Authority & practical information, available at https://www.hcch.net/en/states/authorities/details3/?aid=243, last visited on August 20, 2024 (noting, under the heading "Practical Information" and in the first box marked "Guide to filling out the Model Form, and FAQs" that the Frequently Asked Questions are "drawn up by the Chinese Ministry of Justice").

The Plaintiff,
Kiel James Patrick, LLC,
By its Attorneys,

*/s/ C. Alexander Chiulli*
C. Alexander Chiulli, Esq.  (Bar No. 9139)
Joseph P. Carnevale, Esq. (Bar No. 9121)
Savage Law Partners, LLP
564 South Water Street
Providence, RI 02903
Email: achiulli@savagelawpartners.com
Email: jcarnevale@savagelawpartners.com
Tel:     (401) 238-8500
Fax:    (401) 648-6748

**CERTIFICATE OF SERVICE**

I, C. Alexander Chiulli, attorney for Kiel James Patrick, LLC, hereby certify that on October 30, 2024, I served a copy of the foregoing by CM/ECF electronic mail notification to all counsel of record.

*/s/ C. Alexander Chiulli*

8